MaddeN, Judge,
delivered the opinion of the court:
The Government demurs to the plaintiff’s petition. The petition alleges that the plaintiff enlisted in the Navy in 1917 and was released from active duty in 1919; that on or about June 15,1925, George A. Janes, the plaintiff’s brother, and one McCreight applied to the Veterans’ Facility at Helena, Montana, for transportation to carry the plaintiff to the Veterans’ Facility at Sheridan, Wyoming, for hospitalization ; that on June 28,1925, the plaintiff was placed in the Sheridan institution and $245.00, taken from his person, was put into the possession of the United States Treasury Paying Agent at the institution, and has never been returned to the plaintiff.
The petition further alleges that George A. Janes attempted to file a complaint in a State court of Montana, alleging that the plaintiff was insane and was entitled to a pension of $80 a month from the Government; that the court, acting ex parte, “made the necessary order” (apparently appointing George A. Janes as guardian of the plaintiff); that the Veterans’ Administration gave effect to the court’s *20 order and the guardian’s will; that the plaintiff was restrained in the Veterans’ Facility at Sheridan from June 28, 1925, to December 28, 1935, by force; that he was compelled to labor almost continuously from five o’clock in the morning until nine o’clock at night; that he has not been compensated for that labor; and that it was worth $38,400.
The petition further alleges that he was permitted to leave the Veterans’ Facility at Sheridan on December 28, 1935; that, after spending some time in California, he returned to Montana; that the Montana court, on September 16,1937, upon his motion, set aside the 1925 proceedings and order relating to the plaintiff, and determined that they were null and void because the court had never had jurisdiction of the plaintiff; that the plaintiff, in a suit in the District Court of the United States for the District of Montana, recovered a judgment against the administrator of the estate of his brother, George A. Janes, apparently for the pension money paid to George A. Janes as guardian; and that the judgment has not been satisfied.
In addition to the sums of $245 and $38,400 named above, the plaintiff seeks recovery of $32,400 as the value of his “future employability” from the date of his release from Sheridan until he shall reach the age of 65.
The Government’s first ground of demurrer is that the plaintiff’s claim, even if it were otherwise valid, is barred by the statute of limitations.
• Section 156 of the Judicial Code, 28 U. S. C. 262, provides generally that suits against the Government must be brought within six years from the date when the cause of action first accrues, but further provides that as to persons under disability, including persons of unsound mind, such persons may, whether the normal six-year period has run or not, bring suit within three years after their disabilities have ceased.
All of the acts of the Government complained of in this suit were done on or before December 28, 1935. If, therefore, the normal period of six years is applied, the plaintiff’s right to sue was barred in December 1941. His petition in this suit was filed in 1943. If, because the plaintiff was under guardianship as a person of unsound mind, *21 we apply the special provision of the statute relating to such persons, it does not help the plaintiff, since that adjudication of guardianship was revoked on September 16, 1937, hence the three-year period permitted after the disability ceased would have expired before the normal six-year period had run. The plaintiff is, therefore, barred by lapse of time from maintaining his suit.
The Government asserts additional grounds for its demurrer, but it is not necessary to consider them because of the plain provisions of the statute of limitations. •
The defendant’s demurrer will be sustained, and the plaintiff’s petition dismissed. It is so ordered.
Whitaeer, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.